United States District Court
Western District of Michigan

Case no. _____

Charlie Omar Coleman
    Plaintiff

V.

C/O Kent, MBP Medical,
SGT Allen, Capt. Leach,
Thomas O. Mohrman,
    Defendant(s)
(In their Individual capacity)

FILED - GR
September 5, 2023 2:30 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW   SCANNED BY: KB / 9-5

2:23-cv-172
Maarten Vermaat
U.S. Magistrate Judge

Jury Trial Demanded

There is no other pending or resolved civil action arising out of some transaction or occurance as alleged in this complaint.

I. Jurisdiction And Venue.

1. This is a civil action authorized by 42 USC §1983 to redress the deprivation, under color of state law, of rights secured by the constitution of the United States. This court has jurisdiction under 28 USC § 1331 and 1343(a)(3).

2. The Western District Court is an appropriate venue under 28 USC §1391(b)(2), because it is where the events giving rise to this complaint occured.

1.

## II. Plaintiff

3. The Plaintiff, Charlie Omar Coleman, (hereinafter "Plaintiff") is/was at all times mentioned, a prisoner in Michigan Department of Corrections ("MDOC"). Located at: Marquette BRANCH PRISON ("MBP") 1960 U.S Highway 41 South, Marquette, Mi 49855.

4. The plaintiff seeks to redress the violation of his First Amendment, right to be free from retaliation. Eighth Amendment, right to due process, and right to be free from cruel and unusual punishment Fourteenth Amendment right to due process, right to equal protection, right to be free from discrimination. Conclud the right to be treated by medical.

## III. Defendant(s).

5. Defendant(s), C/O Kent, SGT Allen, Capt. Leach, and Thomas O. Mohrman (here in after "Defendants") is/was employeed as correctional officer's here at MBP. In addition MBP medical (here in after "CUSTODY STAFF") is/were employeed as medical personnels here at MBP. Defendants is collectively identified as "Custody Staff" here in this complaint.

## IV. Statements of Facts.

6. On 11/08/2021. While being released from segregation. Plaintiff was stopped by C/O Kent. Who demanded Plaintiff to take a signed Cell Evaluation sheet.

2.

Plaintiff denied to take the cell evaluation sheet, due to MDOC policy cell must be inspected by prisoner and authorized staff. To reassure inmate and housing staff that no property of the state is missing, damaged, or tampered with. After plaintiff explained this issue to c/o Kent, The defendant began to curse at the Plaintiff. Saying "You motherfucking nigger! Take this fucking cell sheet before I send you back to seg!" At this moment plaintiff threathened c/o Kent by saying he would write a grievance on him for his vulgar and offensive speech directed to him. Plaintiff was escorted by third patty staff (unknown) to his cell without incident.

7. On the day of March 5th, 2022. C/o Kent was making mail delivery rounds. Where he stopped and handed plaintiff mail. Following company policy, the plaintiff retrieved his mail from the state envelope, folded it in half and placed it on his bars where c/o Kent retrieved it, and walked away from plaintiff's cell B-20.

8. Moments later, Plaintiff felt a prick in his left eye while watching television. It was a crumbled envelope now lying on his cell floor. Instinctively the plaintiff gets up from his bed in defense grabbing the object that had struck him. With his left eye shut from the irritation of his retina. He stood two feet away from

3.

c/o Kent. Now cursing, and harrassing the plaintiff. Stating that he had thrown the object at him and the defendant dared the plaintiff to counter act to his assault.

9. While c/o Kent went on, Plaintiff made direct eye contact with the defendant and threathen to file a grievance against him. For his cruel and unusual punishment he had displayed on him. The defendant yelled "Do it, and I will fuck you up again nigger." This is when the plaintiff reached through his cell bars and struck c/o Kent in his face. Plaintiff was placed in segregation.

11. While in segregation prisoner filed a grievance against c/o Kent for cruel & unusual punishment. With the Emphasis of defendants violation of plaintiffs Eighth Amendment.

12. On 03/05/2022. Same day of incident. Capt. Leach, refused to review camera footage in the plaintiff's defense apond request during his review of his misconduct written by c/o Kent for assault & battery. Prisoner Coleman explained to Capt. Leach that his co-worker had initiated the conflict and the camera footage would prove his statement Capt. Leach stated. "Im not requesting shit, you coward you can rot in seg".

4.

After refusing to follow protocol, by investigating the plaintiff's misconduct. The plaintiff threathened to file a grievance against Capt. Leach. This is when Capt. Leach stated boldly. "You cannot file a grievance on a misconduct you dumb fucker." And Left the area of EB 10

13. On March 8th prisoner coleman filed a medical kite for the damage to his left eye, specifically. Health care refused to treat plaintiff, knowing that this was a serious matter. Plaintiff was delayed medical eye exam for a totall of eight months. Causing plaintiff eye to heal untreated.

14. On 03/29/2022. SGT. Allen Interviews the plaintiff on his grievance against c/o Kent. SGT Allen said that the plaintiff was lying in his grievance. Stating c/o Kent never initiated the conflict that occured that day and the plaintiff is in segregation for misconduct assault on staff. This is when the plaintiff pointed out to SGT Allen that if he had reviewed the camera he would see c/o Kent striking him first SGT Allen stated "I'm never gonna go againsts my collegue. I'm not checking shit. So deal with your punishment". After violating plaintiff's due process with his

5.

discrimitory actions. Sgt Allen terminated plaintiffs grievance review unjustly.

15. On 04/04/2022, Plaintiff's grievance was denied by Capt. Leach. Who is deemed a conflict of intrest since he had already denied the plaintiff the right to assistance by camera footage on his misconduct report on 3/05/2022. By signing grievance denial capt. Leach shows bias judgement in favor of his co-workers word against the plaintiff's which he is guilty of constitutional violation of subordinates.

16. During plaintiff's misconduct hearing. The hearing investigator non-party said he reviewed the camera and he saw the defendant c/o Kent initiate the conflict on 03/05/2022. The hearings officer Thomas O. Mohrman stated that he to viewed the camera and saw that c/o Kent initiated the altercation on 03/05/2022. But found prisoner guilty of assault on staff. Thomas O. Mohram had failed to act to prevent unlawful conduct demostrated on camera by c/o Kent. Resulting in a unjust verdict on the plaintiff.

6.

## V. Exhaustion of Remedies

17. The plaintiff has exhausted all of his available adminstrative remedies, concerning the retaliation, Cruel and unusual punishment. Alleged in this complaint against c/o Kent. In addition to fully exhaust the misconduct written against the plaintiff through appeal. And also appealled grievance. Against the bias judgement of defendant(s) SGT Allen, Capt. Leach and Hearing Officer Thomas O. Mohram. Discriminating and violating prisoner's due process in this complaint. The plaintiff reallege and incorporate by reference in paragraphs 1-17.

## VI. Legal Claims

18. The actions committed by the Defendant(s) as alleged in this complaint, where c/o Kent used force to assault and batter the plaintiff, striking him in his left eye with crumble envelope for no reason, with malice in harming one plaintiff. Is violation of Plaintiff's Eighth Amendment right to be free from cruel & unusual punishment. In addition c/o Kent violates plaintiff's First

7.

Amendment right to be free from retaliation for threathening to exercise his right to file a grievance against custody staff.

And the actions of defendant Kent, when he used vulgar racial comments against the plaintiff Violates plaintiff's First Amendment and Fourteenth Amendment right to be free from racial discrimination.

19. The actions alleged by the Defendant SGT. Allen, where he denied plaintiff of camera footage during grievance process, Unjustly. Violates Plaintiff Due process, Fourteenth Amendment right to be free from discrimination. As a supervisor SGT Allen failed to act or knew of a unlawful conduct is held liable for the constitutional violation of subordinats By overlooking c/o Kents Act with malice in harming prisoner on 03/05/2022. Described in grievance. And in this complaint.

20. The actions as alleged by Capt. Leach in this Complaint. Where Capt. Leach deliberately denied Plaintiff camera footage during misconduct review And by being supervisor over c/o Kent It is his right and duty to help gather evidence to deescalate a conflict. By wrongfully telling plaintiff he would

8.

not assist plaintiff by reviewing camera request violates plaintiff Due process and Fourteenth Amendment right to be free of discrimination.

In addition Capt. Leach also signed grievance in favor of c/o Allen and c/o Kent to deny plaintiff step I review. Only with an act of malice to inconvience plaintiffs grieving process with discouragement. Violates plaintiffs First Amendment right to be free from retaliation.

21. The actions Comitted as alleged by Defendant Thomas O. Mohrman, where he found plaintiff guilty of misconduct in favor of c/o Kent. After knowing c/o Kent initiate the misconduct of assault. Violates plaintiffs Fourteenth Amendment right to be free from discrimination. And also a violation of plaintiffs Due process. For checking camera footage and resulting in a unjust verdict decision. When Defendant Mohrman had saw c/o Kent assault the plaintiff. This is also a failure to protect the plaintiff has the right to be equally protected,

9

22. The actions committed by MBP medical. Where they shown delibrate indifference against the Plaintiff, by not treating plaintiff left eye which was deemed serious. Violates plaintiff Eighth Amendment right to medical treatment. In addition MBP medical knew of plaintiffs injury to his eye by medical kite response. But failed to treat plaintiff all of Eight months later. Violating plaintiffs due process as well in this complaint.

## VII Relief Sought.

Wherefore, The Plaintiff humbly request that the court grants the following relief:

A. Award compensatory damages in favor of the Plaintiff in the following relief:

1. $550,000.00 Severally against Defendant c/o Kent For-his unnecessary wanton infliction of pain he caused the plaintiff when he struck plaintiff with crumbled envelope. Totally without penological Justification.

2. $125,000.00 Severally against c/o Kent for intentional infliction of emotional Distress. By purposely retieving the envelope and deliberately coming back striking Plaintiff causing Plaintiff to defend himself after his

10.

initiating behavior. under the colored law of failure to protect under his supervision Plaintiff is/was a mental health patient at MBP. Diagnosed Bi-Polar with manic depression and PTSD. Plaintiff as solely for this reason. Can the court grant compesation damages under the Americans with Disabilities Act (ADA) for Emotional Distress.

B. Awarded Compensatory damages in favor of the Plaintiff in the following relief.

3. $150,000.00 Severally against SGT Allen for his failure to act to prevent the unlawful conduct stated in plaintiff's grievance, where he asked for defendant SGT Allen to review the camera. By saying no. SGT Allen violated Plaintiff's Due Process and Fourteenth amendment right to be free of discrimination. Also failure to protect prisoner under his supervision.

C. Awarded Compensatory damages in favor of the Plaintiff in the following relief:

4. $300,000.00 Serverally against Defendant Capt. Leach As supervisor who participated in, and knew that by submitting camera footage in favor of Plaintiff, it would discredit his co-worker c/o Kent who initiated this assault complaint. Failure to do so Capt. Leach violates

11.

Plaintiffs Due process and Fourteenth Amendment right to be free from discrimination.

D. Awarded compensatory damages in favor of the plaintiff in the following relief:

   5. $300,000.00 Serverally against Defendant Thomas D. Mohrman. For staff corruption when he viewed the camera footage of c/o Kent initiation to assualt the plaintiff and made the harsh decision to remand plaintiff to segregation even though the camera footage shown the Plaintiff statement was true that c/o Kent came back to his cell and shoved his hand through the bars. In a result defendant Kent was never discipline only the plaintiff. Thomas O. Mohrman violates Plaintiff right to due process and Fourteenth Amendment right to be free from discrimination.

E. Awarded compensatory damages in favor of the Plaintiff in the following relief:

   6. $100,000.00 Severally against MBP Medical, For violation of Plaintiffs Eighth Amendment Right to health care treatment. When they took a total of eight months to treat the plaintiff in addition of deliberate indifference.

12.

F. Award plaintiff all, fees, fines and cost against Defendants c/o Kent, SGT Allen, Capt. Leach, Thomas O. Mohrman and MBP medical, for having to file this complaint.

G. Award Plaintiff any other relief this court may deem just and equitable in favor of the Plaintiff.

## VIII Verification

I, Charlie Omar Coleman, pursuant to 28 USC§ 1746, declared under the penalty of perjury that the foregoing statements made in this complaint are true and correct; and I am willing to testify in court to the truthfulness of the statements made here in this complaint.

Date: _____/_____

Truthfully Stated.
S: *Charlie D. Col—*
X *Charlie Omar Coleman.*

13.



ted States District Court
399 Federal Building
110 Michigan N.W.
nd Rapids, Michigan 49503-2363

OFFICIAL BUSINESS

Charlie Omar Coleman
#379771
MARQUETTE BRANCH PRISON
1960 U.S HWY 41 South
Marquette, Mi 49855

Uni

Gra